GEORGE H. WINTERS v. MINNEAPOLIS & ST. LOUIS
RAILROAD COMPANY.[1]

November 19, 1915.

Nos. 19,480—(119).

**Negligence of master — questions for jury.**

1. The evidence was sufficient to go to the jury upon the question whether or not the defendant was negligent in using a wrench in a hydraulic jack, instead of a lever, and whether or not such negligence resulted in injury to the plaintiff.

**Exclusion of evidence.**

2. The court did not err in rejecting evidence offered by the defendant as to experiments made with a jack and a lever on the day following the injury.

After the former appeal, reported in 126 Minn. 260, 148 N. W. 106, the action was tried before Kelly, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $8,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*W. H. Bremner* and *F. M. Miner,* for appellant.

*Barton & Kay,* for respondent.

SCHALLER, J.

Action to recover damages sustained by the plaintiff while in the employ of the defendant. A verdict was had for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or for a new trial.

1. The case was here before and is reported in 126 Minn. 260, 148 N. W. 106. The facts of the case are there stated in detail. It is unnecessary to repeat them. The evidence, with some exceptions, is the same on both appeals, and but one material question, not determined on the former appeal, is before us.

[1]Reported in 154 N. W. 964.

Note.—As to admissibility of evidence of experiments, see note in 15 L.R.A. 221.

In the former case, on the pivotal question involved on the appeal, the court said [p. 262]:

"The evidence is that Larson's jack, at the time of the foreman's direction to him to take it and go to the rear of the locomotive, was in proper position, with the pilot-beam resting upon it. There is no evidence as to the condition of it afterwards. No one saw it go down. There is no evidence as to what became of it. No one knows just how the accident happened.

"Conceding that the defendant was negligent in permitting the use of a wrench in lieu of a lever, we are unable to say that a jury could reasonably find that such negligence accounts for the plaintiff's injury. At the most such a finding is but a conjecture. It was just as likely a mere accident.

"The court was in error in submitting the case to the jury upon the ground stated. The case is not one for judgment notwithstanding the verdict. There should be a new trial."

The case was reversed because of the failure of the evidence to show that the negligent use of a wrench in lieu of a lever caused Larson's jack to go down, thereby causing the injury. So far as the evidence showed, the front end of the locomotive might have gone down accidentally. There was no proof that the use of the wrench was the cause of the locomotive end dropping or slipping. On the second trial additional witnesses were produced. They gave evidence from which it might be concluded that the jack went down as a result of the negligent use of the wrench, the locomotive end following it, and that it did not go down from some accidental cause. The evidence now removes the cause of the injury from the realm of mere conjecture to the domain of legitimate inference from evidentiary facts.

2. After the accident the defendant performed experiments with a jack and an open-ended wrench. The results of such experiments were sought to be proved but were excluded by the court. Error is based upon the court's ruling. The experiments were necessarily made under conditions differing from those which obtained at the time of the injury. At most the receiving of this proof was discretionary with the trial court. It was not error to reject the proffered evidence.

Order affirmed.